Albert A. Erkel, Jr. (SBN 93793)
Law Offices of Albert A. Erkel, Jr.
3300 Douglas Boulevard, Suite 125
Roseville, CA 95661
Tel: (916) 772-8700
Fax: (916) 772-5357
Email: albert_erkel@yahoo.com

Scot Bernstein (SBN 94915)
Law Offices of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, California 95655
Tel: (916) 447-0100
Fax: (916) 933-5533
Email: swampadero@sbernsteinlaw.com

Attorneys for: Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Remigio Edmundo Alarcon, Jack Frahm, Martin Monroy, and Nilton Santiago Siguenza,**<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>**Shim, Inc., et al.,**<br><br>　　Defendants | No. C 07-02894 MEJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>DATE: August 9, 2007<br>TIME: 10:00 a.m.<br>COURTROOM: Hon. Maria-Elena James |

I

INTRODUCTION AND FACTUAL BACKGROUND

　　Plaintiffs Remigio Edmundo Alarcon, Jack Frahm, Martin Monroy and Nilton Santiago Siguenza request that the Court remand this action to Alameda County Superior Court because (1) all defendants failed to file a notice of removal within the time required by 28 USC §1446(b) and (2) all defendants have waived any right to remove this case to federal court.

1

---

Plaintiffs are four individuals who were or are employed by defendants. Notwithstanding the fact that plaintiffs spent the vast majority of their working time engaged in the physical act of washing cars, defendants misclassified plaintiffs as "exempt" in an attempt to avoid both California and federal wage and hour laws. Defendants failed to pay plaintiffs the compensation required by California and federal law when plaintiffs worked more than eight hours in a day, worked more than forty hours in a workweek, missed meal periods and missed rest periods.

Defendants' removal is their latest effort to delay this action. This case was scheduled to go to trial on August 3, 2007. In addition, plaintiffs scheduled a motion to compel discovery for June 7, 2007 and a motion for summary adjudication for July 2, 2007. Defendants' purpose in removing this case to federal court appears to have been solely to delay the trial and the scheduled hearings on those motions.

A brief partial chronology of this case is as follows:

| | |
|---|---|
| January 18, 2005 | Complaint filed in Alameda County Superior Court naming Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek as defendants; complaint alleged only California causes of action. |
| March 1, 2005 | Answer to complaint filed by defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek. |
| February 8, 2006 | Court issued a trial setting order scheduling the trial for September 15, 2006. |
| June 28, 2006 | Court issued an order pursuant to stipulation allowing the plaintiffs to file a first amended complaint and continuing the trial to May 4, 2007. |
| July 13, 2006 | Plaintiffs served the first amended complaint on counsel for Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek. |
| August 31, 2006 | Defendants Shim, Inc., Canadian-American Oil Co., San Rafael |

| | |
|---|---|
| | Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek filed a demurrer to the first amended complaint. |
| November 7, 2006 | Answer to the first amended complaint filed by defendants Shim, Inc. (for itself and for Berkeley Touchless Car Wash), Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek. |
| January 16, 2007 | Defendant Mike Smith, through counsel Xavier Lavoipierre, signed acknowledgment of receipt of summons. |
| January 17, 2007 | Court entered an order pursuant to stipulation to continue trail to August 3, 2007. |
| February 15, 2007 | Defendants Patty Shimek and Mike Smith filed a motion to change venue. |
| March 20, 2007 | Court issued an order denying the motion of defendants Patty Shimek and Mike Smith to change venue. |
| April 11, 2007 | Defendants Mike Shimek and Roy Shimek filed a motion for summary judgment/summary adjudication. |
| April 17, 2007 | Plaintiffs filed a motion for summary adjudication as to the exemption defense alleged by defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek.  Hearing on motion scheduled for July 2, 2007. |
| April 23, 2007 | Defendants Patty Shimek and Mike Smith filed a request for stay and petition for writ of mandate regarding the Court's denial of their motion for change of venue and request for stay. |
| May 2, 2007 | Court of Appeal denied petition for writ of mandate and request for stay. |
| May 11, 2007 | Plaintiff filed a motion to compel defendants Shim, Inc. and |

3

|  |  |
|---|---|
|  | Canadian-American Oil Co. to attend a deposition and to produce documents. Hearing on motion scheduled for June 7, 2007. |
| June 4, 2007 | Defendants filed notice of removal just three days before the hearing on plaintiffs' discovery motion, four weeks before the hearing on plaintiffs' motion for summary adjudication, and less than two months before trial. |
| June 7, 2007 | Scheduled hearing date in Alameda County Superior Court for plaintiffs' motion to compel defendants Shim, Inc. and Canadian-American Oil Co. to attend a deposition and to produce documents. |
| July 2, 2007 | Scheduled hearing date in Alameda County Superior Court for plaintiffs' motion for summary adjudication. |
| August 3, 2007 | Scheduled trial date in Alameda County Superior Court. |

II

DEFENDANTS HAVE FAILED TO

TIMELY FILE A NOTICE OF REMOVAL

All defendants have failed to timely file a notice of removal. No defendant filed a notice of removal within 30 days of his, her or its receipt of the first amended complaint. Therefore, this Court should remand this case to the Alameda County Superior Court.

28 USC §1446(b) provides as follows:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…."

4

Plaintiffs' original complaint was not removable because it did not contain a cause of action based on federal law. This action became removable when plaintiffs filed their first amended complaint because it did contain a cause of action based on federal law. Therefore, defendants had 30 days after receipt of the first amended complaint to file a notice of removal.

Courts strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. 980 F.2d at 566. Failure to comply with the 30-day time limitation renders the removal procedurally defective.

A.   Defendants Patty Shimek and Mike Smith.

In their notice of removal, defendants state, "the first date upon which removing defendants received a copy of the said First Amended Complaint was on or about January 16, 2007 (Mike Smith) and January 22, 2007 (Patty Shimek) …." (See defendants' Notice of Removal of Action, page 2, lines 12 through 14.) But Patty Shimek and Mike Smith have the same attorney (Xavier Lavoipierre) as defendant San Rafael Touchless Car Wash and are partners in that defendant. Thus, Mike Smith and Patty Shimek received the first amended complaint "through service or otherwise" long before January 16, 2007 and January 22, 2007, respectively. But it does not matter because, even assuming the accuracy of defendants' assertions about the January dates, Mike Smith still waited 139 days to file his notice of removal and Patty Shimek still waited 133 days to file her notice of removal. The 30-day requirement was not complied with. It was not even close. Therefore, the defendants' notice of removal was not timely.

As described above, even after an agreed trial date was scheduled, defendants Mike Smith and Patty Shimek attempted to avoid that trial date by filing a motion to change venue. When the Court denied their venue motion, defendants' petitioned for a writ of mandate. That, too, was denied. It was only after defendants' attempt to delay the trial was twice rejected that they sought another forum by filing the notice of removal.

We anticipated that Defendants will argue that the time period during which they were

5

---

PLAINTIFFS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
C 07-02894 MEJ

fighting about venue should not be counted in computing the 30-requirement of 28 USC §1446(b). Nonetheless, that argument, if Defendants assert it, will be without merit. In Value Recovery Group, Inc. v. Hourani (S.D. Texas 2000) 115 F.Supp.2d 761, the Court held that a state court stay of proceedings "did not bar defendants from removing the case to this [federal] court…. As a general rule, the time to remove may not be extended by an order of the state court extending related deadlines under state law. [Citation omitted.]" 115 F.Supp.2d at 767.

In a clear case of attempting to avoid an adverse ruling, defendants Patty Shimek and Mike Smith filed the notice of removal only after their petition for writ of mandate was denied. The Court in Value Recovery Group went on to address an attempt by a defendant to utilize the removal procedure merely to avoid an adverse ruling:

> "The Removing Defendants waited to see how the state appellate court would rule on their petition for a writ of mandamus and then removed to this [federal] court when the [state] appellate court denied them relief. Litigants should be discouraged from forum shopping to avoid adverse rulings in the court in which was an action was originally filed. [Citation omitted.]" 115 F.Supp.2d at 767

Defendants have not just relied on faulty arguments. Their arithmetic also is wrong. For example, defendants state in the Notice of Removal of Action that Patty Shimek received the first amended complaint on January 22, 2007. As is set forth above, Patty Shimek and Mike Smith filed a motion to change venue on February 15, 2007 (24 days later). Their motion was denied on March 20, 2007. They waited an additional 34 days to file a petition for a writ of mandate. Their petition for a writ of mandate was denied on May 2, 2007. They then waited an additional 33 days before they filed their notice of removal. Even if the period from the date Patty Shimek filed her motion to change venue (February 15, 2007) to the time the Court of Appeal denied her petition for a writ of mandate (May 2, 2007), is ignored, Patty Shimek still waited 57 days to file her notice of removal. Mike Smith waited even longer. Clearly, defendants did not comply with the 30-day time limitation.

B.      **Defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek.**

On July 13, 2006, defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek were served with the first amended complaint. Rather than file a notice of removal, those defendants filed a demurrer on August 31, 2006 and an answer on November 17, 2006. Clearly, those defendants did not comply with the 30-day requirement.

There is currently an unresolved issue as to whether the "first served" defendant triggers the 30-day period or a new 30-day period is created with each newly served defendant. See discussion in McAnally Enterprises, Inc. v. McAnally (C.D. Cal. 2000) 107 F.Supp.2d 1223. Nonetheless, because defendants Patty Shimek and Mike Smith failed to comply with the 30-day requirement (as discussed above) and because all defendants have waived their right to removal (as discussed below), the resolution of this issue is unnecessary.

III

ALL DEFENDANTS HAVE WAIVED ANY RIGHT TO REMOVE

By affirmative use of the state court system, each defendant has waived any right that he, she or it may have had to remove this action to federal court. Because all defendants must join in removal, a valid waiver of the right to remove obtained by one defendant cuts off the removal rights of the other defendants.

A defendant who proceeds to defend the action or otherwise invokes the processes of the state court system is deemed to have waived any right to remove. Brown v. Demco, Inc. (5th Cir. 1986) 792 F.2d 478, 481. As is described in the timeline above, each defendant actively engaged in the state court process. Specifically, after the filing of the first amended complaint, each of the defendants engaged in two or more of the following actions: agreeing to trial dates; filing a demurrer; filing a motion to change venue; filing a petition for writ of mandate; and filing a motion for summary judgment. It was only after defendants recognized the lack of success they were experiencing in the state court system that they filed the notice of removal to avoid the June 7, 2007, hearing on plaintiffs' motion to compel, the July 2, 2007, hearing on plaintiffs' motion

for summary adjudication, and the August 3, 2007, trial.

"[B]y actively invoking the state court's jurisdiction in seeking an injunction, summary judgment and an order requiring repleading by plaintiffs, defendants lost their right to remove." Zbranek v. Hofheinz (E.D. Tx 1989) 727 F.Supp. 324, 325.

All defendants must consent in writing to the removal. Jones v. Kremer (D MN 1998) 28 Fed.Supp.2d 1112, 1114. The waiver of one defendant of its "right to remove constitutes a constructive waiver by each co-defendant of its right to remove." Estate of Krasnow v. Texaco, Inc. (E.D. Vir. 1991) 773 F.Supp. 806, 809.

Thus, by invoking the state court system, each defendant has waived not only its own right to remove but every other defendant's right to remove as well.

IV

DEFENDANTS HAD NO GOOD FAITH BASIS TO FILE A NOTICE OF REMOVAL

Pursuant to 28 USC §1446(a), the notice of removal is "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Under FRCP 11, the attorney's signature on the removal notice constitutes a "certificate" that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the removal "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and the matters stated therein are supportable in fact and law.

It is unclear what "reasonable inquiry" could have been conducted by defendants' counsel. There cannot be any justification for filing the notice of removal. Conducting minimal research or even simply counting the number of days would show that defendants were too late and that they waived any right to remove. Counsel for defendants must know that this action will be remanded to Alameda County Superior Court.

It is clear that the only reason defendants filed the notice of removal on the eve of two hearings and the trial was to avoid the scheduled hearing dates and trial date in Alameda County Superior Court. It appears that defense counsel filed the notice of removal to "harass or to cause unnecessary delay or needless increase in the cost of litigation".

In <u>Rockwell International Credit Corp. v. United States Aircraft Insurance Group</u>, (9th Cir. 1987) 823 F.2d 302, the Court, citing a "waste of judicial resources" which were incurred as a result of the filing of an improper notice of removal, and questioning whether defendant's removal petition reflected a reasonable inquiry by counsel, remanded the case to the District Court and ordered defendant's counsel to show cause why sanctions should not be imposed under Rule 11.

Whether by knowingly violating the rules regarding removal or by intentionally failing to research those rules, defendants' counsel have succeeded in vacating the June 7, 2007, hearing on plaintiffs' motion to compel, the July 2, 2007, hearing on plaintiffs' motion for summary adjudication, and the August 3, 2007, trial. That is, by improperly removing this case to federal court, defendants' counsel already have achieved what they set out to achieve: to harass and to cause unnecessary delay.

Simply put, this is not fair. It is not fair to the Federal Court, which has to spend time and effort dealing with this motion. It is not fair to the Alameda County Superior Court, because it has interfered with that Court's calendar. It is not fair to plaintiffs, who will have the resolution of their case delayed. And it is not even fair to defendants, who, due to the mandatory fee shifting in overtime pay cases such as this one, ultimately may have to pay the plaintiffs' attorneys' fees incurred in making this motion to remand as a result of defense counsel's misguided adventure.

Dated: July 2, 2007

                            LAW OFFICES OF ALBERT A. ERKEL, JR.


                            _____/S/ Albert A. Erkel, Jr._____

                            Albert A. Erkel, Jr.
                            Attorneys for Plaintiffs

9

_____
PLAINTIFFS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
C 07-02894 MEJ