Xavier A.M. Lavoipierre (SBN 132798)
LAW OFFICE OF XAVIER A.M. LAVOIPIERRE
809 Broadway, Suite 5
P. O. Box 256
Sonoma, CA 95476-0256
Tel: (707)938-1611
Fax: (707)938-4223

Attorney for Defendants
SAN RAFAEL TOUCHLESS CAR WASH,
PATTY SHIMEK AND MIKE SMITH


Thomas I. Saberi (SBN 169652)
LAW OFFICES OF WILLIAM H. PAYNTER
1045 Airport Blvd, Suite 12
South San Francisco, CA 94080
Tel: (650)588-2428
Fax: (650)873-7046

Attorney for Defendants
SHIM, INC., CANADIAN-AMERICAN OIL CO.,
BERKELEY TOUCHLESS CAR WASH
ROY SHIMEK AND MIKE SHIMEK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIGIO EDMUNDO ALARCON, JACK FRAHM, MARTIN MONROY, AND NILTON SANTIAGO SIGUENZA,<br><br>Plaintiffs,<br><br>v.<br><br>SHIM, INC., CANADIAN-AMERICAN OIL CO., SAN RAFAEL TOUCHLESS CAR WASH, BERKELEY TOUCHLESS CAR WASH, MIKE SHIMEK, ROY SHIMEK AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No.: C 07-02894 SI<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br><br><br>Date:         September 14, 2007<br>Time:        9:00 a.m.<br>Courtroom: Hon. Susan Illston |

---

Case No.: C 07-02894 SI
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

1

# I

# INTRODUCTION AND FACTUAL BACKGROUND

This is a wage-and-hour case brought by four plaintiffs who were (and some of whom still are) employed as managers at two separate car wash facilities (Berkeley Touchless Car Wash and San Rafael Touchless Car Wash). Despite the fact that plaintiffs spent the majority of their time performing managerial duties, and were paid salaries ranging up to $80,000 year, plaintiffs claim they are entitled to overtime compensation.

Plaintiffs' First Amended Complaint ("FAC") states a cause of action under the Federal Fair Labor Standards Act, 29 USC §§ 201, thereby seeking relief under federal law. Based on the assertion of a federal claim, Defendants Mike Smith and Patty Shimek removed this case to federal court. Plaintiffs, claiming that Defendants waived their right to remove the action, now seek remand to state court. Plaintiffs assert that Defendants' removal was untimely and that Defendants have waived the right to remove.

Ironically, however, it is Plaintiffs who have waived any right they may have had to remand by availing themselves of the federal court's jurisdiction. Under federal law, where a plaintiff requests entry of default against a defendant – as Plaintiffs have done – the plaintiff has availed himself or herself of the federal court's jurisdiction, and has waived the right to remand. *Riggs v. Plaid Pantries, Inc.* (Dist. Or. 2001) 233 F.Supp.2d 1260, 1272 ("[A] <u>motion for order of default alone</u> demonstrates availment of the federal court's jurisdiction.") (emphasis added).

Defendants must briefly address a couple of points raised by Plaintiffs. Although Plaintiffs claim that Defendants' removal is the "latest effort to delay this action," the fact is that it is Plaintiffs who by their months-long failure to effect service on the removing Defendants have delayed this action. See Declaration of Xavier A.M. Lavoipierre in Opposition to Plaintiffs' Motion to Remand

Case No.: C 07-02894 SI
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

2

(hereinafter "Lavoipierre Dec."), ¶¶ 2, 4 and 5. Plaintiffs' claim that removal appears to have been solely to delay the trial and scheduled hearings on motions in this matter is without foundation and is vehemently denied by Defendants. See Lavoipierre Dec., ¶ 7.

In addition, Plaintiffs' "brief partial chronology" of the case is exactly that: partial. What Plaintiffs neglect to mention is that, although Plaintiffs were given leave on June 28, 2006, by way of stipulation and order, to file their FAC, substituting Patty Shimek and Mike Smith as Does 1 and 2, respectively, and for the first time asserting a federal labor claim, Plaintiffs failed to serve the FAC on Mike Smith and Patty Shimek until January 16 and 22, 2007, respectively. See Lavoipierre Dec., ¶ 2 and 4, and Ex. A. The then pending trial date of May 2007 had to be continued due to Plaintiffs' delay. See Lavoipierre Dec., ¶ 5.

## II

## DEFENDANTS' NOTICE OF REMOVAL

It should be noted that there is no question that this case is subject to federal jurisdiction, and thus is removable to federal court. When Plaintiffs filed their FAC on July 17, 2006, they asserted, for the first time in this case, a cause of action seeking remedies under federal law, adding a cause of action for alleged violation of the Federal Fair Labor Standards Act, 29 USC §§ 201, *et seq.*, and seeking damages pursuant to 29 USC § 216. See Lavoipierre Dec., ¶ 3. As such, the matter was removable pursuant to 28 USC § 1441(b) since it arises under a statute which provides federal question jurisdiction.

Removing Defendants were deemed to have been served with Summons and the FAC on January 16, 2007 (Mike Smith) and January 22, 2007 (Patty Shimek) when they mailed their Notice and Acknowledgment of Receipt pursuant to California Code of Civil Procedure section 415.30(c). See Lavoipierre Dec., ¶ 4. Service of Summons pursuant to section 415.30 is deemed complete "on

the date a written Acknowledgment of Receipt of Summons is executed, if such Acknowledgment thereafter is returned to the sender." Code Civ. Pro. § 415.30(c). Thus, Plaintiffs' claim that Mike Smith and Patty Shimek "received" the FAC "long before January 16, 2007 and January 22, 2007, respectively," is incorrect, particularly with respect to the time period for removal.

In any event, Defendants do not dispute that removal was effected more than 30 days after service.

### III

### PLAINTIFFS HAVE WAIVED ANY RIGHT TO REMAND BECAUSE THEY HAVE AVAILED THEMSELVES OF THIS COURT'S JURISDICTION

The issue herein is whether there has been a waiver of rights in this matter. There has. Plaintiffs have waived their right to remand of this case to state court.

Plaintiffs filed their Motion to Remand on July 3, 2007. On June 18, 2007, <u>prior to filing their motion</u>, Plaintiffs filed a Request to Enter Default against Defendants Patty Shimek and Mike Smith on the grounds that those Defendants had "failed to file a pleading or motion within the time permitted by Federal Rule of Civil Procedure 81(c)." See Lavoipierre Dec., ¶ 6. By requesting that default be entered, Plaintiffs availed themselves of the federal court's jurisdiction, thereby waiving their right to remand of this action. *Riggs, supra*, 233 F.Supp.2d 1260, 1272.

Although a defendant's right to remove may be waived by a tardy removal, a plaintiff's right to remand a case for procedural defects in the removal may be waived if not made within 30 days after the removal notice is filed in federal court. 28 USC §1447(c); *Northern Calif. Dist. Counsel of Laborers v. Pittsburg-Des Moines Steel Co.* (9th Cir. 1995) 69 F.3d 1034, 1038; *Maniar v. FDIC* (9th Cir. 1992) 979 F.2d 782, 785-786 (court lacks authority to remand *sua sponte* for procedural defects after 30-day limit).

Likewise, "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand . . . ." *Koehnen v. Herald Ins. Co.* (8th Cir. 1996) 89 F.3d 525, 528.

In *Koehnen*, the plaintiff timely filed a motion to remand on the ground that removal was untimely. *Id*. Nine days earlier, however, the plaintiff had moved the District Court for leave to file a supplemental complaint. *Id*. The District Court found that the plaintiff had waived his right to seek remand since the action by plaintiff was "affirmative federal court conduct." *Id*. The court noted that the plaintiff had received an adverse ruling on his motion for leave to file a supplemental complaint, and that he should not be allowed to obtain a second bite at the apple in state court. *Id*.

On appeal, the *Koehnen* Court noted that "[a] procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived." *Id*. The Court further noted that a party that "engages in affirmative activity in federal court typically waives the right to seek a remand (citation), particularly if the federal court has ruled unfavorably (citation). *Id*. As the Court noted: "by the 'mere filing of an amended petition,' Koehnen 'consented to accept the jurisdiction of the United States Court.'" *Id*. (*quoting In re Moore* [1908] 209 U.S. 490, 496).

Later, in 2001, under circumstances <u>identical</u> to those here, the District Court for the District of Oregon held that seeking an order of default results in a waiver of the right to remand. *Riggs, supra*, 233 F.Supp.2d at 1272.

In *Riggs*, one of the defendants removed the case on March 13, 2001. *Id*. at 1263. On April 4, 2001, the plaintiff moved for an order of default and for default judgment against one of the other defendants. *Id*. Plaintiff moved to remand the action just seven days later, on April 11, 2001. *Id*.

The Court, citing and relying on *Koehnen, supra*, found that by taking affirmative steps to obtain a default judgment the plaintiff availed itself of the Federal Court's jurisdiction, thereby

---

Case No.: C 07-02894 SI
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

waiving the right to remand. *Riggs*, *supra*, 233 F.Supp.2d at 1272. The Court noted that the "affirmative conduct constituting a waiver of the right to seek a remand does not depend on whether the motion is 'substantive' or 'vigorously litigated.'" *Id.* (internal quotations by Court)

Instead, the Court pointed out that "an order of default, whether 'substantive or not,' carries great significance." *Id.* (internal quotations by Court). For example, once the default order is entered, the defaulted party can no longer contest liability. *Id.* (citing cases).

The Court also found that "an unfavorable result on a motion filed before a motion to remand need not prompt the motion to remand for waiver to occur." *Id.*

Furthermore, and significantly, "a motion for order of default alone demonstrates availment of the federal court's jurisdiction." *Id.* (emphasis added).

The situation herein is no different than that presented in *Riggs*. Plaintiffs took affirmative steps to obtain the default of Patty Shimek and Mike Smith, thereby availing themselves of the federal court's jurisdiction. *See id.* at 1271-1272.

Plaintiffs should not now, after attempting to obtain final, conclusive, affirmative relief against defendants by way of a default judgment, only to be rebuffed by the Defendants' filing of their answer to the FAC, be allowed to pretend that they have not affirmatively availed themselves of the jurisdiction of this Court.

As the *Koehnen* and *Riggs* cases conclusively demonstrate, by availing themselves of the federal court's jurisdiction, Plaintiffs have waived any right they had to seek remand of this action to state court.

///

///

# IV

# CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion to Remand be denied.

Dated: August 24, 2007                     LAW OFFICE OF XAVIER A.M. LAVOIPIERRE

By: _____/s/_____
Xavier A.M. Lavoipierre
Attorney for Defendants
SAN RAFAEL TOUCHLESS CAR WASH,
PATTY SHIMEK AND MIKE SMITH


Dated: August 24, 2007                     LAW OFFICES OF WILLIAM H. PAYNTER

By: _____/s/_____
Thomas I. Saberi
Attorney for Defendants
SHIM, INC., CANADIAN-AMERICAN OIL CO.,
BERKELEY TOUCHLESS CAR WASH
ROY SHIMEK AND MIKE SHIMEK