Albert A. Erkel, Jr. (SBN 93793)
Law Offices of Albert A. Erkel, Jr.
3300 Douglas Boulevard, Suite 125
Roseville, CA 95661
Tel: (916) 772-8700
Fax: (916) 772-5357
E-mail: albert_erkel@yahoo.com

Scot Bernstein (SBN 94915)
Law Offices of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, California 95655
Tel: (916) 447-0100
Fax: (916) 933-5533

Attorneys for: Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Remigio Edmundo Alarcon, Jack Frahm, Martin Monroy, and Nilton Santiago Siguenza,**<br><br>　　Plaintiffs,<br><br>vs.<br><br>**Shim, Inc., et al.,**<br><br>　　**Defendants** | No. C 07-02894 SI<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**<br><br>DATE: September 14, 2007<br>TIME: 9:00 a.m.<br>COURTROOM: Hon. Susan Illston |

  In their opposition, defendants do not deny that they filed their petition for removal outside the time required by 28 USC §1446(b) and thereby failed to comply with the procedural requirements regarding removal. Nor do they attempt to excuse or justify their actions.

  Defendants' acknowledgement that it violated the rules regarding removal and that it had no proper basis for removing this action is, at a minimum, interesting in light of the obligations of defense counsel under Rule 11. In the motion to remand, plaintiffs specifically raised the

1

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REMAND
C 07-02894 SI

question of how defense counsel could have signed the removal petition. Plaintiffs cited <u>Rockwell International Credit Corp. v. United States Aircraft Insurance Group</u>, (9th Cir. 1987) 823 F.2d 302, in which the Ninth Circuit discussed the "waste of judicial resources" resulting from the filing of an improper notice of removal.

How could defendants' counsel make no attempt to justify their actions. Instead, defendants attempt to argue that their failure to comply with the rules should be overlooked. Specifically, defendants argue that plaintiffs have waived their right to object to defendants' improper removal.

The simplifying result of defendants' position is that this motion can be decided by resolving a single issue: whether plaintiffs' act of filing of a "Request to Enter Default" constitutes an acceptance of the Federal Court's jurisdiction and a waiver of the right to seek remand.

I

FACTUAL BACKGROUND REGARDING

DEFAULT OF PATTY SHIMEK AND MIKE SMITH

The facts regarding the default of defendants Patty Shimek and Mike Smith are not in dispute. Defendants Patty Shimek and Mike Smith removed this case to United States District Court, Northern District of California, on June 4, 2007, as this case was nearing trial. In their Notice of Removal, defendants acknowledged that Mike Smith was deemed served with the First Amended Complaint on January 16, 2007, and that Patty Shimek was deemed served with the First Amended Complaint on January 22, 2007. Pursuant to Federal Rule of Civil Procedure 81(c), defendants "shall answer or present the other defenses or objections available under these rules within … 5 days after the filing of the petition for removal…." Therefore, the answer of Patty Shimek and Mike Smith was due by June 11, 2007 (June 9, 2007 was a Saturday).

When neither defendant Patty Shimek nor defendant Mike Smith timely answered or presented other defenses or objections, on June 18, 2007 plaintiffs filed a "Request to Enter Default." Plaintiffs never made a motion or a request for a default judgment.

After plaintiffs filed their Request to Enter Default, Patty Shimek and Mike Smith filed

an answer.  Neither Patty Shimek nor Mike Smith has made a motion or a request to file a late answer nor has either of them made any motion or request, pursuant to FRCP 55(c), to be relieved of their default.  Plaintiffs have not followed up on the "Request to Enter Default" in any way and do not know what, if any, action has been taken on it.

II

PLAINTIFFS HAVE NOT WAIVED THEIR RIGHT TO SEEK REMAND

Plaintiffs have not engaged in any activity in Federal Court that would constitute a waiver of their right to have this case remanded to Alameda County Superior Court.  All that plaintiffs have done in this action is to file a "Request to Enter Default" in order to have the Clerk note the undisputed fact that defendants Patty Shimek and Mike Smith had not filed their answer.  No default judgment has been sought.  Remanding this case to Alameda County Superior Court will not cause the defendants any prejudice nor will the remand be offensive to fundamental principals of fairness.

As the Court stated in <u>Maybruck v. Haim</u>, (N.D.N.Y. 1968) 721 F.Supp. 721, 723:

> "To constitute a waiver or consent to the federal court's assumption of jurisdiction … there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court."
> (Citations omitted.)

Plaintiffs have done none of these things.

Waiver involves the intentional relinquishment of a known right, either expressly or by conduct inconsistent with an intent to enforce that right.  In the removal context, waiver must consist of affirmative conduct or unequivocal assent.  <u>Fellhauer v. City of Geneva</u> (N.D.Ill. 1987) 673 F.Supp. 1445, 1448.  "There are no fixed criteria for determining when waiver of objections to removal has occurred."  <u>Fecchion, Westinghouse Elec. Corp. v. Kirby</u> (W.D.Pa. 1986) 637 F.Supp. 290, 293.

"[N]ot all conduct before the federal court constitutes waiver of the right to seek remand, but instead only conduct that is so substantial as to render it offensive to fundamental principles

of fairness." Beard v. Lehman Brothers Holdings, Inc. (M.D.Ala. 2006) 458 F.Supp.2d 1314, 1323. The Court in Beard held that the plaintiff's participation in motion practice in Federal Court was not a waiver of the right to remand. 458 F.Supp.2d at 1324.

Defendants have suffered no prejudice as a result of the plaintiffs' filing the "Request to Enter Default." In Knowles v. Hertz Equipment Rental Co. (S.D.Fla. 1987) 657 F.Supp. 109, even though the Court found that the plaintiffs carried on sufficient activity to constitute a waiver of the right to remand, the Court nevertheless ordered the case remanded because "[t]he Court finds that Plaintiffs' actions in this case have not caused any real prejudice or hardship to Defendants." 657 F.Supp. at 111.

In refusing to find a waiver of the right to remand where the defendant did not suffer any prejudice, the Court in Noethe v. Mann, (D.Minn. 1928) 27 F.2d 451, 452 stated:

> "[A] party who has improperly removed such a case as this can have no just cause for complaint, if it is sent back to the court where it was commenced. He is simply required to forego some real or fancied advantage in the matter of jurisdiction to which he was not entitled under the law."

Defendants rely on two cases to support their argument that the filing of a "Request to Enter Default" constitutes a waiver of plaintiffs' right to remand. However, defendants did not articulate the standard that the Courts applied to the facts.

The first case is Koehnen v. Herald Fire Ins. Co. (8th Cir. 1996) 89 F.3d 525. In Koehnen, after the defendant removed to Federal Court, the plaintiff "moved the district court for leave to file a supplemental complaint against [defendant]". 89 F.3d at 528. The plaintiff's motion for leave to file a supplemental complaint was denied by the District Court, "a ruling that was effectively a dispositive order". *Id.* Only when the plaintiff's motion was denied "did [plaintiff] press the district court to remand." *Id.* The District Court ruled that "[b]ased on [plaintiff's] affirmative federal court conduct, remand in this matter would be offensive to fundamental principles of fairness." *Id.* On appeal, the Court stated that "a party that engages in affirmative activity in federal court typically waives the right to seek a remand … particularly if the federal court has ruled unfavorably …." *Id.* The Court ruled that the District Court had the

4

discretion to determine whether or not the plaintiff had waived his right to seek remand. 89 F.3d at 529. The Court held that, under the circumstances, the District Court did not abuse its discretion in denying plaintiff's motion to remand. 89 F.3d at 528.

In Koehnen, the plaintiff made an unsuccessful motion to amend a complaint in circumstances where failure to prevail on the motion was fatal to the action. Here, plaintiffs filed a paper with the Clerk requesting that the Clerk take notice that two defendants had not filed an answer. The gulf between the two scenarios is huge.

The second case upon which defendants rely is Riggs v. Plaid Pantries, Inc., (D.Or. 2001) 233 F.Supp.2d 1260, 1263, in which the "plaintiff moved for an order of default and for default judgment against [defendant]." The Court in Riggs ruled that the plaintiff's action was not an "insignificant, ministerial act" and held that the plaintiff had waived its right to challenge the procedural defects in the removal. But there is a significant difference between seeking a default judgment from the Court, on the one hand, and merely noting in a filing with the Clerk that two defendants had not filed an answer. "An entry of default is not a default judgment." Arango v. Guzman Travel Advisors (11th Cir. 1985) 761 F.2d 1527, 1530.

As is set forth in plaintiffs' motion to remand, defendants' removal is their latest effort to delay this action. This case was scheduled to go to trial on August 3, 2007. In addition, plaintiffs scheduled a motion to compel discovery for June 7, 2007, and a motion for summary adjudication for July 2, 2007. Defendants' purpose in removing this case to federal court appears to have been solely to delay the trial and the scheduled hearings on those motions.

One factor that Courts have looked at to determine whether or not there has been a waiver of the right to remand is "judicial economy". The Court in Midwestern Distribution v. Paris Motor Freight Lines (E.D.Ark. 1983) 563 F.Supp. 489, 493 fn. 6, stated:

> "The courts should guard against unnecessary duplication of effort. Thus, remand should strongly be considered where the case has already progressed far in state court, where the federal court has taken little action in the case [citation omitted], or where several related actions are pending in the state court."

How would remanding this case back to Alameda County Superior Court be "offensive to fundamental principles of fairness"? What prejudice could defendants possibly claim? Plaintiffs have not sought to file an amended complaint in Federal Court as did the plaintiff in Koehnen. Plaintiffs did not seek a default judgment in Federal Court as did the plaintiff in Riggs. All that plaintiffs sought was to have the Clerk enter the fact that defendants Patty Shimek and Mike Smith were in default; no default judgment was sought.

To find an example of a waiver, one would have to look no farther than defendants' waiver of their right to remove. Not only did defendants fail to follow the rules regarding removal, but their affirmative use of the state court system constitutes a waiver of their right to utilize the federal court system. Specifically, after the filing of the first amended complaint, each of the defendants engaged in two or more of the following actions: agreeing to trial dates; filing a demurrer; filing a motion to change venue; filing a petition for writ of mandate; and filing a motion for summary judgment. It was only after defendants recognized the lack of success they were experiencing in the state court system that they filed the notice of removal to avoid the June 7, 2007, hearing on plaintiffs' motion to compel, the July 2, 2007, hearing on plaintiffs' motion for summary adjudication, and the August 3, 2007, trial. It would be "offensive to fundamental principles of fairness" to allow defendants to misuse the removal process for the purpose of delaying this case.

### III

### CONCLUSION

Defendants failed to comply with the rules regarding removal. Defendants have attempted, at every turn, to delay this case. Fundamental principals of fairness dictate that this case should be remanded to Alameda County Superior Court so that plaintiffs' motions can be rescheduled and the trial set at the earliest opportunity.

Thus, plaintiffs respectfully request that the Court remand this case to Alameda County Superior Court and exercise its discretion in finding that plaintiffs' have not waived their right to seek remand.

Dated: August 31, 2007

LAW OFFICES OF ALBERT A. ERKEL, JR.

    /S/ Albert A. Erkel, Jr.

Albert A. Erkel, Jr.
Attorneys for Plaintiffs