IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIGIO E. ALARCON, JACK FRAHM, MARTIN MONROY, AND NILTON SIGUENZA,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHIM INC., CANADIAN-AMERICAN OIL CO., SAN RAFAEL TOUCHLESS CAR WASH, BERKELEY TOUCHLESS CAR WASH, MIKE SHIMEK, ROY SHIMEK, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C 07-02894 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs have filed a motion to remand this action to state court. Hearing on the motion is currently scheduled for September 14, 2007. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for submission without oral argument, and hereby VACATES the September 14 hearing. For the reasons set forth below, the Court GRANTS plaintiffs' motion.

**BACKGROUND**

Plaintiffs Remigio E. Alarcon, Jack Frahm, Martin Monroy, and Nilton Siguenza are current or former employees of San Rafael Touchless Car Wash and Berkeley Touchless Car Wash. On January 18, 2005, plaintiffs filed a wage and hour claim in Alameda County Superior Court. Plaintiffs' initial complaint alleged solely violations of California law and named six defendants in total, four companies (Shim Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, and Berkeley Touchless Car Wash) and two individuals (Mike and Roy Shimek). On July 17, 2006, plaintiffs filed a First Amended

Complaint ("FAC") in which they added a cause of action under the federal Fair Labor Standards Act, 29 U.S.C. § 201, and added two additional defendants, Mike Smith and Patty Shimek. Plaintiffs served the six original defendants with the FAC on July 13, 2006; those defendants answered the FAC on November 7, 2006. However, plaintiffs did not serve Mike Smith and Patty Shimek, the two new defendants, until January 16, 2007 and January 22, 2007, respectively.

Following service of the FAC on defendants Mike Smith and Patty Shimek, various actions took place in state court: defendants filed an unsuccessful motion to change venue; defendants filed an unsuccessful request for stay and petition for writ of mandate to the court of appeal; defendants moved the court for summary judgment; plaintiffs sought summary adjudication; motion hearing dates were scheduled; and a trial date was set. The first hearing on the pending motions was scheduled for June 7, 2007. However, on June 4, 2007, nearly six months after they received the FAC, Mike Smith and Patty Shimek filed a notice of removal based on the existence of a federal cause of action, pursuant to 28 U.S.C. § 1441(b).

Fourteen days later, on June 18, 2007, plaintiffs filed a request with this Court to enter default on the ground that Mike Smith and Patty Shimek failed to answer the FAC within five days after filing their notice of removal, as required by Federal Rule of Civil Procedure 81(c).[1] On that same day, defendants answered the FAC, and default was not entered. Finally, on July 3, 2007, 29 days after defendants' notice of removal, plaintiffs filed the present motion to remand the case to state court.

## LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing a place where such action is pending." A notice of removal "shall be filed" within thirty days after the defendant receives a copy of the initial pleading, amended pleading, motion, order, or other paper setting forth the claim from which it may first be ascertained that the case is one which

---

[1] At time of removal, Mike Smith and Patty Shimek had yet to file an answer in state court.

2

1 is or has become removable. 28 U.S.C. § 1446(b).

2 A motion to remand is the proper procedure for challenging removal. Remand after an action has been removed from state court is available for lack of subject matter jurisdiction or "for any defect in removal procedure." 28 U.S.C. § 1447(c); *see Buckner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Courts must strictly construe the removal statute against removal jurisdiction. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## DISCUSSION

In their timely motion to remand, plaintiffs contend that defendants' notice of removal is procedurally defective because defendants failed to file it within thirty days after receiving service of a removable complaint. *See* 28 U.S.C. § 1446(b). Defendants do not dispute the untimeliness of their removal. *See* Defs.' Opp'n to Mot. to Remand at 4:6-7 ("Opp'n"). Instead, defendants argue that plaintiffs waived their right to contest removal because plaintiffs affirmatively invoked the jurisdiction of the Court by filing a request to enter default. For the following reasons, the Court disagrees with defendants, and GRANTS plaintiffs' motion to remand.

### I.   Waiver of Right to Remand

Defendants contend that plaintiffs, by filing a post-removal request to enter default, waived their right to remand on grounds of untimely removal. Certain actions taken by a plaintiff post-removal do "preclude the Plaintiff from objecting to a late removal petition." *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal. 1972) (citing *Mackay v. Uinta Dev. Co.*, 229 U.S. 173 (1913)). The type of post-removal conduct that has been held to constitute waiver of the right to remand is "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental

3

principles of fairness to remand . . ." *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988) (quoting *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968)); *see also Transp. Indem. Co.*, 339 F. Supp. at 408. However, "[t]he exact quantity or quality of conduct on Plaintiffs' part which would evidence waiver of the Petition's defect or consent to removal is less than clear." *Knowles v. Hertz Equip. Rental Co.*, 657 F. Supp. 109, 110 (S.D. Fla. 1987). Furthermore, "the district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988). Courts have found plaintiffs waived their right to challenge procedural defects in removal where plaintiffs filed an amended complaint, *see In re Moore*, 209 U.S. 490 (1908) (overruled in part on other grounds, *Ex Parte Harding*, 219 U.S. 363 (1911)); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996), made multiple appearances in federal court, *see Meadows v. Bicrodyne Corp.*, 559 F. Supp. 57 (N.D. Cal. 1983), or participated in discovery, *see Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989).

The Ninth Circuit has not addressed the question whether a request for entry of default alone constitutes affirmative conduct that waives a plaintiff's right to remand. Only a few district courts have addressed the issue. *See Riggs v. Plaid Pantries Inc.*, 233 F. Supp. 2d 1260 (D. Or. 2001) (denying motion to remand and stating that filing a request to enter default is by itself sufficient availment to federal court's jurisdiction); *Fletcher v. Solomon*, No. C-06-05492, 2006 WL 3290399 (N.D. Cal. Nov. 13, 2006) (finding that although the request to enter default may constitute affirmative conduct, concerns of fairness demanded the case be remanded); *Innovacom, Inc. v. Haynes*, No. C 98-0068, 1998 WL 164933 (N.D. Cal. Mar. 17, 1998) (this Court, granting motion to remand and finding that plaintiff's requests for entries of default and a jury demand did not make it offensive to fundamental principles of fairness to remand).

The Court finds that in the context of this case, the naked request to enter default does not demonstrate sufficient activity in federal court such that remand would violate principles of fairness. Unlike the plaintiff in *Riggs*, who in addition to his request for default also filed a motion for default judgment, a supportive memorandum, a declaration of counsel, and a copy of the certificate of service on defendant, plaintiffs in the present case filed no documents in support of their request to enter default

4

and they did not seek default judgment. *See Riggs*, 233 F. Supp. 2d at 1272. Additionally, plaintiffs here did not file any other motions with this Court or wait until matters were unsuccessfully adjudicated before moving to remand. *Cf. Koehnen*, 89 F.3d at 528 (denying motion to remand where plaintiff moved the district court for leave to file a supplemental complaint, unsuccessfully argued that motion, and only then made its motion to remand). Instead, plaintiffs only filed a request with the Clerk of the Court to enter default – a ministerial, not judicial, act. *See* Fed. R. Civ. P. 55(a); *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 169 (D.D.C. 2006) (finding that entry of default is normally a ministerial task for the clerk of the court).

Furthermore, the filing of the request for default caused defendants no harm. It appears to have only forced them to file the answers that they should have filed six days earlier in accordance with Federal Rule of Civil Procedure 81(c). Likewise, plaintiffs' two week delay in moving to remand after their request to enter default does not appear to have prejudiced defendants in any way; indeed, defendants do not argue otherwise. Finally, the parties have already devoted a significant amount of time litigating this issue in state court, so remanding would not prejudice defendants by placing them in unfamiliar territory. In sum, the Court concludes that plaintiffs' request to enter default does not make it "offensive to fundamental principles of fairness" in this case to allow plaintiffs to argue that defendants' removal was procedurally defective.

## II.     Timeliness of Defendants' Notice of Removal

Exercising their right to remand, plaintiffs contend that removal was improper because defendants Mike Smith and Patty Shimek failed to file their notice of removal within thirty days of receiving the FAC. Notice of removal must be filed within thirty days of the actual or constructive receipt by the defendant of the first pleading that sets forth a removable claim. *See* 28 U.S.C. § 1446(b). In cases with multiple defendants, the Ninth Circuit has yet to decide whether the thirty day period begins to run on all defendants based on the first-served defendant, or if the period is renewed with each additional defendant served. *See United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 763 n. 4 (9th Cir. 2002). Here, however, even adopting the more flexible "last-served" defendant rule, Mike Smith and Patty Shimek filed their notice 139 and 133 days, respectively, after being served with plaintiffs' FAC.

Defendants do not contest this fact. Opp'n at 4:6-7 ("Defendants do not dispute that removal was effected more than 30 days after service."). Therefore, the Court concludes defendants' notice of removal was procedurally defective and improvidently filed.[2]

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to remand, and REMANDS the action to Alameda County Superior Court where it was filed.

**IT IS SO ORDERED.**

Dated: September 13, 2007

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiffs argue in the alternative that all defendants waived their right to remove to federal court by affirmative conduct in the state court system. Because the Court finds plaintiffs' untimeliness argument persuasive, the Court does not address plaintiffs' alternative contention.

6