Xavier A.M. Lavoipierre (SBN 132798)
LAW OFFICE OF XAVIER A.M. LAVOIPIERRE
809 Broadway, Suite 5
P. O. Box 256
Sonoma, CA 95476-0256
Tel: (707)938-1611
Fax: (707)938-4223

Attorney for Defendants
SAN RAFAEL TOUCHLESS CAR WASH,
PATTY SHIMEK AND MIKE SMITH


Thomas I. Saberi (SBN 169652)
LAW OFFICES OF WILLIAM H. PAYNTER
1045 Airport Blvd, Suite 12
South San Francisco, CA 94080
Tel: (650)588-2428
Fax: (650)873-7046

Attorney for Defendants
SHIM, INC., CANADIAN-AMERICAN OIL CO.,
BERKELEY TOUCHLESS CAR WASH
ROY SHIMEK AND MIKE SHIMEK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIGIO EDMUNDO ALARCON, JACK FRAHM, MARTIN MONROY, AND NILTON SANTIAGO SIGUENZA,<br><br>Plaintiffs,<br><br>v.<br><br>SHIM, INC., CANADIAN-AMERICAN OIL CO., SAN RAFAEL TOUCHLESS CAR WASH, BERKELEY TOUCHLESS CAR WASH, MIKE SHIMEK, ROY SHIMEK AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No.: C 07-02894 SI<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT<br><br><br>Date: December 7, 2007<br>Time: 9:00 a.m.<br>Courtroom: Hon. Susan Illston |

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

1

# I

# INTRODUCTION

On September 13, 2007, this Court ordered the within action remanded to state court pursuant to motion by Plaintiffs. Order Granting Plaintiffs' Motion to Remand, filed September 13, 2007 (hereinafter "Order" or "Order to Remand"). See Declaration of Xavier A.M. Lavoipierre in Support of Defendants' Motion for a Stay of the Order to Remand This Action to State Court (hereinafter "Lavoipierre Dec."), ¶ 2. The Order was based on this Court's findings that Defendants had untimely removed the matter to federal court, and that Plaintiffs had not waived their right to object to the allegedly untimely removal by availing themselves of the federal court's jurisdiction.

This Court further noted that the main issue argued by Defendants – that by seeking an order of default Plaintiffs availed themselves of the federal court's jurisdiction, thereby waiving any right to seek remand – has not been decided by the Ninth Circuit Court of Appeals. On October 9, 2007, Defendants filed their Notice of Appeal to the Ninth Circuit for a determination of this issue. For the reasons set forth herein, this Court should stay its Order to Remand pending resolution of the appeal.

# II

**THE RELEVANT FACTORS FOR DETERMINING WHETHER A STAY SHOULD BE GRANTED WEIGH IN FAVOR OF GRANTING DEFENDANTS' MOTION**

The standard for evaluating a request for a stay pending appeal is similar to that for evaluating a request for preliminary injunction. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In *Miller v. California Pacific Medical Center*, 19 F.3d 449 (9th Cir. 1994), the Ninth Circuit Court of Appeals set forth the standard for granting a preliminary injunction as follows: "(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties;

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

2

and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. *Miller.* at 456 (*citing United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 [9th Cir. 1987]).

"The moving party must show 'either 1) a combination of probable success on the merits and the possibility of irreparable harm, or 2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits.'" *Miller*, 19 F.3d at 456 (*quoting Senate of California v. Mosbacher*, 968 F.2d 974, 977 [9th Cir. 1992]).

"These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Miller*, 19 F.3d at 456 (*quoting Odessa Union*, 833 F.2d at 174).

A. <u>Likelihood of Success</u>

The Order to Remand is an appealable order since the error asserted by Defendants does not concern any defect in removal or any jurisdictional issue, but rather concerns the question of whether Plaintiffs waived their right to remand when they requested an order of default, and is a "final" order for purposes of appeal. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-714, 116 S.Ct. 1712, 1718-1719 (1996); *Reddam v. KPMG*, 457 F.3d 154, 1057-1059 (9th Cir. 2006). The standard of review on appeal is the abuse of discretion standard. *United National Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1111-1112 (9th Cir. 2001).

Here, as this Court noted in its Order to Remand, the specific issue of waiver of the right to remand based on availment of the federal court's jurisdiction by seeking an order of default has not been addressed by the Ninth Circuit. The cases which have addressed the issue, however, indicate a likelihood of success on appeal.

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

3

For example, while this Court found that the District of Oregon case of *Riggs v. Plaid Pantries, Inc.*, did not support Defendants' argument in opposition to Plaintiffs' motion to remand, that case, and the cases on which it relied, very much support Defendants' position. *See Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260 (Dist. Or. 2001).

In *Riggs*, one of the defendants removed the case on March 13, 2001. *Id.* at 1263. On April 4, 2001, the plaintiff moved for an order of default and for default judgment against one of the other defendants. *Id.* Plaintiff moved to remand the action just seven days later, on April 11, 2001. *Id.*

The *Riggs* Court, relying on the Eighth Circuit case of *Koehnen v. Herald Ins. Co.* (8th Cir. 1996) 89 F.3d 525, 528, found that by taking affirmative steps to obtain a default the plaintiff availed itself of the Federal Court's jurisdiction, thereby waiving the right to remand. *Riggs, supra*, 233 F.Supp.2d at 1272. The Court noted that the "affirmative conduct constituting a waiver of the right to seek a remand does not depend on whether the motion is 'substantive' or 'vigorously litigated.'" *Id.* (internal quotations by Court).

Instead, the *Riggs* Court took care to note that "an order of default, whether 'substantive or not,' carries great significance." *Id.* (internal quotations by Court). For example, once the default order is entered, the defaulted party can no longer contest liability. *Id.* (citing cases). Significantly, "a motion for <u>order of default alone</u> demonstrates availment of the federal court's jurisdiction." *Id.* (emphasis added). The *Riggs* Court found that "an unfavorable result on a motion filed before a motion to remand need not prompt the motion to remand for waiver to occur." *Id.*

Likewise, in *Koehnen*, the Court found that by making a motion for leave to file a supplemental complaint, the plaintiff had waived his right to seek remand since such a motion was "affirmative federal court conduct." *Id.* While the Court also noted that the plaintiff had received an adverse ruling on his motion, that was not determinative of the issue, but rather only added fuel to the

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

4

fire. *Id.* (A party that "engages in affirmative activity in federal court typically waives the right to seek a remand [citation], <u>particularly</u> if the federal court has ruled unfavorably [citation]. [emphasis added]). As the Court noted: "by the 'mere filing of an amended petition,' Koehnen 'consented to accept the jurisdiction of the United States Court.'" *Id.* (*quoting In re Moore* [1908] 209 U.S. 490, 496). Thus, it is clear that the motion to file a supplemental complaint alone constituted availment of the federal court's jurisdiction.

Certainly, if merely moving for leave to file an amended complaint constitutes availment, seeking an order of default – which has far greater implications – likewise constitutes availment.

Even if it is necessary to find that Plaintiffs herein were subjected to some sort of unfavorable result in addition to seeking an order of default, that is exactly what happened in this case.

Plaintiffs sought the order of default on June 18, 2007. On that same day Patty Shimek and Mike Smith filed their answers. It was only after Plaintiffs' attempt to secure a default proved unsuccessful that Plaintiffs filed their motion to remand the matter to state court (the motion was filed on July 3, 2007, fourteen days after seeking the order of default). Thus, as in *Koehnen*, Plaintiffs engaged in affirmative conduct in federal court by seeking an order of default, and moved to remand only when their attempt was unsuccessful.

In addition, while this Court's Order to Remand stated that a request that the clerk enter default is merely a ministerial act, not a judicial act, that should have no bearing on whether Plaintiffs availed themselves of the federal court's jurisdiction. In fact, there is no authority which suggests such a distinction is a factor in the analysis.

Instead, the focus should be -- and in the cases cited above is -- on the actions affirmatively taken by Plaintiffs themselves, and the potential effect thereof. Even if Plaintiffs' attempt to obtain a default against Defendants Patty Shimek and Mike Smith was ministerial, the effect of Plaintiffs'

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

5

actions was an affirmative effort to completely foreclose Defendants from contesting liability – a final determination of liability as to those Defendants.

As pointed out in *Riggs*, seeking an order of default has a very significant effect in that defendants are completely foreclosed from contesting liability. *Riggs*, *supra*, 233 F.Supp.2d at 1272. In fact, the *Riggs* court did not base its ruling on the fact that the plaintiffs therein sought a default judgment in addition to the order of default. Rather, the court noted that "a <u>motion for order of default alone</u> demonstrates availment of the federal court's jurisdiction." *See Riggs*, 233 F.Supp.2d at 1272 (emphasis added).

The *Riggs* Court also cited another District of Oregon case, *Giraudo v. Henkels & McCoy*, which likewise found that merely <u>seeking</u> an order of default waives the right to remand:

> Here, Giraudo and Anderson availed themselves of the jurisdiction of the federal court when they sought an order of default against Luker. By seeking an order of default from this court, they have waived their right to object to the procedural irregularity caused by Henkels' failure to join Luker in the petition for removal.

*Giraudo v. Henkels & McCoy*, WL 302354 (Dist. Or. 1993).

This Court, in its Order, also cited *Fletcher v. Solomon*, No. C-06005492, 2006 WL 3290399 (N.D. Cal. Nov. 13, 2006), noting that *Fletcher* found that although the request to enter default may constitute affirmative conduct, concerns of fairness demanded the case be remanded. *Fletcher* differs from this case in one very significant respect: the plaintiffs in *Fletcher* dismissed their federal claims prior to the hearing on their motion to remand. The *Fletcher* Court thus based its ruling on 28 U.S.C. § 1367(c)(3), which provides that "a district court has discretion 'to decline to exercise supplemental jurisdiction over' an action if it 'has dismissed all claims over which it has original jurisdiction.'" *Fletcher*, 2006 WL 3290399. Notably, the Court further ordered that the dismissal of the plaintiffs' federal claims was with prejudice.

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

6

Here, conversely, Plaintiffs continue to pursue their federal claims – those claims were not, and have not been, dismissed. Lavoipierre Dec., ¶ 3. Thus this case presents a far different scenario than *Fletcher*.

For the above stated reasons, Defendants believe that their appeal of the Order to Remand presents a substantial likelihood of success on the merits, and weighs in favor of granting Defendants' request for a stay.

B. <u>Possibility of Irreparable Injury and Balance of Hardships</u>

In this case, of course, because this case has been remanded to state court, the parties will be required to engage in litigating this matter in state court, including discovery proceedings, motions, and perhaps even trial. Lavoipierre Dec., ¶ 6. In the event that the appeal is decided in Defendants' favor, Defendants will have wasted valuable resources in engaging in litigation in state court. Lavoipierre Dec., ¶ 6. In addition, and of even greater concern, is the harm that will occur if the matter goes to trial in state court before the Ninth Circuit determines whether the remand was proper. Lavoipierre Dec., ¶ 6. Such harm will certainly be irreparable. Lavoipierre Dec., ¶ 2.

In fact, Plaintiffs have noticed a motion for summary adjudication, which is set for hearing on January 24, 2008. Lavoipierre Dec., ¶ 3. Defendants' (Appellants') Opening Brief is due to be filed in the Ninth Circuit on January 25, 2008, just one day later. Lavoipierre Dec., ¶ 4. Although Defendants believe that Plaintiffs' motion will be denied, Defendants should not be put in the position of risking a final determination on the merits in state court before the Ninth Circuit has had the opportunity to review the merits of Defendants' appeal and rule thereon. Lavoipierre Dec., ¶ 5.

On the other hand, Plaintiffs will suffer virtually no hardship if this matter is stayed pending appeal. Lavoipierre Dec., ¶ 7. In fact, Plaintiffs will benefit just as Defendants will from not having to needlessly engage in state court litigation only to perhaps then be returned to federal court

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

7

following the appeal. Lavoipierre Dec., ¶ 7. Even if the appeal is denied, the only harm to Plaintiffs is a slight delay in litigating this matter. Lavoipierre Dec., ¶ 7. Defendants' (Appellants') Reply Brief is scheduled to be filed in the Ninth Circuit on March 10, 2008. Lavoipierre Dec., ¶ 3. At that point the appeal will be ready for hearing and final determination.

The possibility of irreparable harm and the balance of hardships also weigh in favor of Defendants.

C. Public Interest

The public interest also weighs in favor of a stay. The public interest here is in avoiding the state court adjudicating a case over which it may have no jurisdiction, which would waste valuable state court resources. Lavoipierre Dec., ¶ 8. This action should not be allowed to bounce back and forth from state court to federal court depending upon the most recent determination of the federal court. Lavoipierre Dec., ¶ 8. Until the issue of remand is fully and finally determined, this matter should remain within the federal court's jurisdiction. Lavoipierre Dec., ¶ 8.

Because the public interest will best be served by not wasting state court resources adjudicating a claim over which it may have no jurisdiction, this factor weighs in Defendants' favor.

///
///
///
///
///
///
///

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

## III

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant their motion for a stay of the Order to remand pending appeal.

Respectfully submitted,

Dated: October 29, 2007        LAW OFFICE OF XAVIER A.M. LAVOIPIERRE

By: _____/s/_____
    Xavier A.M. Lavoipierre
    Attorney for Defendants
    SAN RAFAEL TOUCHLESS CAR WASH,
    PATTY SHIMEK AND MIKE SMITH


Dated: October 29, 2007        LAW OFFICES OF WILLIAM H. PAYNTER

By: _____/s/_____
    Thomas I. Saberi
    Attorney for Defendants
    SHIM, INC., CANADIAN-AMERICAN OIL CO.,
    BERKELEY TOUCHLESS CAR WASH
    ROY SHIMEK AND MIKE SHIMEK

Case No.: C 07-02894 SI
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

9