Albert A. Erkel, Jr. (SBN 93793)
Law Offices of Albert A. Erkel, Jr.
3300 Douglas Boulevard, Suite 125
Roseville, CA 95661
Tel: (916) 772-8700
Fax: (916) 772-5357
Email: albert_erkel@yahoo.com

Scot Bernstein (SBN 94915)
Law Offices of Scot Bernstein
10510 Superfortress Avenue, Suite C
Mather Field, California 95655
Tel: (916) 447-0100
Fax: (916) 933-5533
Email: swampadero@sbernsteinlaw.com

Attorneys for: Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Remigio Edmundo Alarcon, Jack Frahm, Martin Monroy, and Nilton Santiago Siguenza,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**Shim, Inc., et al.,**<br><br>**Defendants** | **No. C 07-02894 SI**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>**DATE: December 14, 2007**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: Hon. Susan Illston** |

Pursuant to an order (the "Order") dated September 13, 2007, this Court granted plaintiffs' motion for remand, holding "the Court concludes defendants' notice of removal was procedurally defective and improvidently filed." Defendants now wish to appeal the Order and have moved this Court to stay the state court proceedings. Defendants' motion should be denied because (1) the Order of the Court remanding this case to Alameda County Superior Court is not reviewable on appeal or otherwise; (2) the Order of this Court was correct and, therefore,

defendants have no probability of success on the merits of their appeal; and (3) plaintiffs will suffer great prejudice if this case is delayed.

# I

# INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs are four individuals who were or are employed by defendants. Notwithstanding the fact that plaintiffs spent the vast majority of their working time engaged in the physical act of washing cars, defendants misclassified plaintiffs as "exempt" in an attempt to avoid both California and federal wage and hour laws. Defendants failed to pay plaintiffs the compensation required by California and federal law when plaintiffs worked more than eight hours in a day, worked more than forty hours in a workweek, missed meal periods and missed rest periods.

Defendants' motion to stay is their latest effort to delay this action. This case was scheduled to go to trial on August 3, 2007. In addition, plaintiffs scheduled a motion to compel discovery for June 7, 2007 and a motion for summary adjudication for July 2, 2007. Defendants' purpose in removing this case to federal court appeared to have been solely to delay the trial and the scheduled hearings on those motions.

A brief partial chronology of this case is as follows:

| | |
|---|---|
| January 18, 2005 | Complaint filed in Alameda County Superior Court naming Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek as defendants; complaint alleged only California causes of action. |
| March 1, 2005 | Answer to complaint filed by defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek. |
| February 8, 2006 | Court issued a trial setting order scheduling the trial for September 15, 2006. |
| June 28, 2006 | Court issued an order pursuant to stipulation allowing the plaintiffs to file a first amended complaint and continuing the trial to May 4, 2007. |

| | |
|---|---|
| July 13, 2006 | Plaintiffs served the first amended complaint on counsel for Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek. |
| August 31, 2006 | Defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Berkeley Touchless Car Wash, Mike Shimek and Roy Shimek filed a demurrer to the first amended complaint. |
| November 7, 2006 | Answer to the first amended complaint filed by defendants Shim, Inc. (for itself and for Berkeley Touchless Car Wash), Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek. |
| January 16, 2007 | Defendant Mike Smith, through counsel Xavier Lavoipierre, signed acknowledgment of receipt of summons. |
| January 17, 2007 | Court entered an order pursuant to stipulation to continue trial to August 3, 2007. |
| February 15, 2007 | Defendants Patty Shimek and Mike Smith filed a motion to change venue. |
| March 20, 2007 | Court issued an order denying the motion of defendants Patty Shimek and Mike Smith to change venue. |
| April 11, 2007 | Defendants Mike Shimek and Roy Shimek filed a motion for summary judgment/summary adjudication. |
| April 17, 2007 | Plaintiffs filed a motion for summary adjudication as to the exemption defense alleged by defendants Shim, Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, Mike Shimek and Roy Shimek. Hearing on motion scheduled for July 2, 2007. |
| April 23, 2007 | Defendants Patty Shimek and Mike Smith filed a request for stay and petition for writ of mandate regarding the Court's denial of |

| | |
|---|---|
| | their motion for change of venue and request for stay. |
| May 2, 2007 | Court of Appeal denied petition for writ of mandate and request for stay. |
| May 11, 2007 | Plaintiffs filed a motion to compel defendants Shim, Inc. and Canadian-American Oil Co. to attend a deposition and to produce documents. Hearing on motion scheduled for June 7, 2007. |
| June 4, 2007 | Defendants filed notice of removal just three days before the hearing on plaintiffs' discovery motion, four weeks before the hearing on plaintiffs' motion for summary adjudication, and less than two months before trial. |
| June 7, 2007 | Scheduled hearing date in Alameda County Superior Court for plaintiffs' motion to compel defendants Shim, Inc. and Canadian-American Oil Co. to attend a deposition and to produce documents. |
| July 3, 2007 | Plaintiffs filed motion to remand. |
| September 13, 2007 | Court granted plaintiffs' motion to remand. |
| October 9, 2007 | Defendants filed notice of appeal. |
| January 8, 2008 | Rescheduled hearing date in Alameda County Superior Court on plaintiffs' motion to compel. |
| January 24, 2008 | Rescheduled hearing date in Alameda County Superior Court for plaintiffs' motion for summary adjudication. |

## II

## THE ORDER TO REMAND IS NOT APPEALABLE

Pursuant to 28 USC §1447(d), the Order of this Court to remand this action to state court is not reviewable on appeal or otherwise. The Supreme Court in Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995) held:

> "As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction – the grounds for removal recognized

by §1447(c) – a court of appeals lacks jurisdiction to entertain an appeal of the remand order under §1447(d)." 516 U.S. at 127-128.

In Things Remembered, the defendant sought review of a District Court's order that defendant's removal was untimely. The Supreme Court ruled that such an order is not subject to review.

This Court's Order to remand was based on a defect in defendants' removal procedure: defendants' removal petition was not timely. This Court specifically ruled that "the Court concludes defendants' notice of removal was procedurally defective and improvidently filed." Order, page 6, lines 2 – 3. As a result, the Order is not reviewable.

By enacting the rule prohibiting review of remand orders, Congress "established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." United States v. Rice, 327 U.S. 742, 751 (1946).

Defendants argue that they are not appealing the Court's ruling that defendants' removal was defective (Defendants' Memo, page 3, lines 16- 17). Defendants claim that they are only appealing the Court's exercise of its discretion with respect to defendants' waiver argument (Defendants' Memo, page 3, lines 17- 18). But their argument goes directly to the defectiveness of their removal. Thus, notwithstanding their word-games in characterizing their argument, defendants cannot escape the reality that they are attempting to seek review of the Order of this Court granting plaintiffs' motion and remanding this case to Alameda County Superior Court – an order that, pursuant to §1447(d), is not subject to review.

There are exceptions to the rule of nonreviewability, but none of them apply to this case. For example, §1447(d) specifically exempts cases removed pursuant to 28 USC §1443, which applies to civil rights cases and is inapplicable here. In addition, the Supreme Court in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343-344 (1976), held that review can be proper when the remand was based on a grounds not authorized by §1447(c). However, because this Court granted remand based on a defect in the removal procedure (*i.e.,* the failure of defendants to timely remove), a ground authorized by §1447(c), none of the exceptions applies to the Order issued in this case. Thus, the Order is not reviewable.

In Durham v. Lockheed Martin Corp., 445 F.3d 1247 (9th Cir. 2006), the District Court remanded the case to state court on the grounds that defendant's removal was untimely. The Ninth Circuit held that "[b]ecause the district court's reason for remanding the case – untimeliness – comported with section 1447(c), the exception to section 1447(d) recognized in Thermtron Products, Inc. v. Hermansdorfer, [423 U.S. 336, 352 (1976)] does not apply." 445 F.3d at 1250 fn.1.

The cases relied on by defendants are not applicable to this case because they all are cases in which the remand was not authorized by §1447(c). For example, defendants cite Quackenbush v. Allstate Insurance Co., 517 U.S. 706 (1976). The Supreme Court in Quackenbush stated that "[t]he District Court's abstention-based remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." 517 U.S. at 712.

Defendants cite Raddam v. KPMG LLP, 457 F.3d 1054 (9th Cir. 2006). In Raddam the Court ruled that the basis for the District Court's decision to remand (*i.e.* events occurring after the removal), "cannot be a basis for a §1447(c) remand order." 457 F.3d at 1059.

Finally, defendants cite United National Insurance Co. v. R&D Latex Corp., 242 F.3d 1102 (9th Cir. 2001). In United National Insurance, the remand was based on the District Court's refusal to exercise discretionary jurisdiction. There was no ruling that the remand was based on a §1447(c) defect.

Thus, the United States Supreme Court and Ninth Circuit decisions cited by plaintiffs – and the plain language of §1447(d) itself - are controlling.

III

THE REMAND ORDER WAS PROPER

The Order of this Court remanding this case to Alameda County Superior Court was proper. Defendants acknowledged in their opposition to plaintiffs' motion to remand that they violated the rules regarding removal and that they had no proper basis for removing this action. This Court correctly ruled that, as a result of the untimely removal, defendants' removal was procedurally defective.

Defendants now claim that the Court abused its discretion when it failed to hold that plaintiffs waived their right to remand. Clearly there has been not been a waiver by plaintiffs. Waiver involves the intentional relinquishment of a known right, either expressly or by conduct inconsistent with an intent to enforce that right. In the removal context, waiver must consist of affirmative conduct or unequivocal assent. Fellhauer v. City of Geneva (N.D.Ill. 1987) 673 F.Supp. 1445, 1448. "There are no fixed criteria for determining when waiver of objections to removal has occurred." Fecchion, Westinghouse Elec. Corp. v. Kirby (W.D.Pa. 1986) 637 F.Supp. 290, 293.

"[N]ot all conduct before the federal court constitutes waiver of the right to seek remand, but instead only conduct that is so substantial as to render it offensive to fundamental principles of fairness." Beard v. Lehman Brothers Holdings, Inc. (M.D.Ala. 2006) 458 F.Supp.2d 1314, 1323. The Court in Beard held that the plaintiff's participation in motion practice in Federal Court was not a waiver of the right to remand. 458 F.Supp.2d at 1324.

In Knowles v. Hertz Equipment Rental Co. (S.D.Fla. 1987) 657 F.Supp. 109, even though the Court found that the plaintiffs carried on sufficient activity to constitute a waiver of the right to remand, the Court nevertheless ordered the case remanded because "[t]he Court finds that Plaintiffs' actions in this case have not caused any real prejudice or hardship to Defendants." 657 F.Supp. at 111.

In refusing to find a waiver of the right to remand where the defendant did not suffer any prejudice, the Court in Noethe v. Mann, (D.Minn. 1928) 27 F.2d 451, 452 stated:

> "[A] party who has improperly removed such a case as this can have no just cause for complaint, if it is sent back to the court where it was commenced. He is simply required to forego some real or fancied advantage in the matter of jurisdiction to which he was not entitled under the law."

In connection with their waiver agreement, defendants have failed to establish (or even address) fairness or prejudice. How has remanding this case to the Alameda County Superior Court been offensive to fundamental principles of fairness? How have defendants been prejudiced? The fact that defendants do not even address this issue is telling.

IV

PLAINTIFFS WILL SUFFER PREJUDICE IF THIS ACTION IS DELAYED

Plaintiffs are four individuals who are attempting to collect their wages from defendants. This case originally was filed on January 18, 2005, nearly 3 years ago. Plaintiffs deserve to have this matter resolved and to obtain their judgment against defendants. Defendants dismiss the prejudice to be suffered by plaintiffs by characterizing the time to go through an appeal as "a slight delay in litigating this matter." (Defendants' Memo, page 8, line 2.) Allowing defendants to delay this process while they pursue a frivolous appeal of a non-appealable order would not be fair to plaintiffs.

Perhaps the most revealing aspect of defendants' motion is their argument that defendants will suffer prejudice if this case is remanded to Alameda County Superior Court. Apparently, they believe that allowing four individuals who wash cars to resolve their claims for unpaid wages is unfair and is not in the public interest.

V

DEFENDANTS HAD NO GOOD FAITH BASIS FOR THIS MOTION TO STAY

In light of Rule 11, it is unclear how counsel for defendants could have signed this motion to stay. It is clear that the Order of this Court remanding this case to Alameda County Superior Court cannot be appealed. It is clear that the Order was correct and that any appeal would be frivolous. Counsel for defendants failed to cite 28 U.S.C. §1447(d). They also failed to cite any of the Supreme Court or Ninth Circuit cases holding that an order for remand based on a defect in the removal procedure cannot be appealed. Counsel for defendants had an obligation to point out in their motion to stay that there was binding authority that was contrary to their position. Perhaps defendants' counsel hoped that controlling authority would not be found by plaintiffs' counsel or by the Court.

This motion is not the first encounter with Rule 11 for defendants' counsel. Under 28 USC §1446(a), the notice of removal is "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Under FRCP 11, the attorney's signature on the removal notice constitutes a "certificate" that "to the best of the person's knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances," the removal "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and the matters stated therein are supportable in fact and law. In an apparent acknowledgement that they violated Rule 11, defendants' counsel admitted in their opposition to plaintiffs' motion for remand that they had no basis for signing the removal petition.

It appears that defense counsel filed the notice of removal, the appeal, and the current motion to stay to "harass or to cause unnecessary delay or needless increase in the cost of litigation". Simply put, that is not fair. It is not fair to the U.S. District Court or to the Ninth Circuit Court of Appeals, which now must spend time and effort dealing with this motion and an attempted appeal of a non-appealable order. It is not fair to plaintiffs, who must respond to this motion. And it is not even fair to defendants, who will have to foot the bill for their attorneys' misguided adventure.

Indeed, defendants will foot the bill in more ways than one: not only will they pay their own attorneys, but, because of the fee-shifting provisions of California and federal wage-and-hour laws, they ultimately will pay both sides' counsel for these unnecessary battles. The result is that defense counsel, who are causing this needless addition to the Courts' and the parties' burden, have no incentive to do things differently. As the timeline in part I of this memorandum illustrates, and defense counsels' repeated failures to cite controlling authority show, their conduct will continue unabated unless something is done to stop them.

Dated: November 21, 2007

LAW OFFICES OF ALBERT A. ERKEL, JR.

/S/ Albert A. Erkel, Jr.

Albert A. Erkel, Jr.
Attorneys for Plaintiffs