Xavier A.M. Lavoipierre (SBN 132798)
LAW OFFICE OF XAVIER A.M. LAVOIPIERRE
809 Broadway, Suite 5
P. O. Box 256
Sonoma, CA 95476-0256
Tel: (707)938-1611
Fax: (707)938-4223

Attorney for Defendants
SAN RAFAEL TOUCHLESS CAR WASH,
PATTY SHIMEK AND MIKE SMITH


Thomas I. Saberi (SBN 169652)
LAW OFFICES OF WILLIAM H. PAYNTER
1045 Airport Blvd, Suite 12
South San Francisco, CA 94080
Tel: (650)588-2428
Fax: (650)873-7046

Attorney for Defendants
SHIM, INC., CANADIAN-AMERICAN OIL CO.,
BERKELEY TOUCHLESS CAR WASH
ROY SHIMEK AND MIKE SHIMEK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIGIO EDMUNDO ALARCON, JACK FRAHM, MARTIN MONROY, AND NILTON SANTIAGO SIGUENZA,<br><br>Plaintiffs,<br><br>v.<br><br>SHIM, INC., CANADIAN-AMERICAN OIL CO., SAN RAFAEL TOUCHLESS CAR WASH, BERKELEY TOUCHLESS CAR WASH, MIKE SHIMEK, ROY SHIMEK AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No.: C 07-02894 SI<br><br>DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT<br><br><br>Date:      December 14, 2007<br>Time:      9:00 a.m.<br>Courtroom: Hon. Susan Illston |

Case No.: C 07-02894 SI
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

1

I

INTRODUCTION

Plaintiffs opose Defendants' Motion to Stay by making repeated claims that Defendants are somehow acting in bad faith for the purposes of delay and are in violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs' meritless accusations have nothing to do with the request for a stay, and do not deserve any detailed response. Suffice to say that Defendants have not taken <u>any</u> actions in this matter with the intent to delay the state court trial or hearings, as Plaintiffs claim. As previously noted by Defendants in prior pleadings, it is Plaintiffs who delayed this matter by failing to timely serve the summons and complaint on Patty Shimek and Mike Smith, thereby requiring the continuance of the trial in state court. Nothing that Defendants have done has been for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation" of this matter, as claimed by Plaintiffs.

Plaintiffs' remaining arguments are without merit. In fact, Plaintiffs fail to address the substantive issues of prejudice raised by Defendants' motion, except to state in conclusory fashion that Plaintiffs will be prejudiced by any delay. Plaintiffs fail to address the danger inherent in allowing the matter to proceed in state court and having a judicial determination of Plaintiffs' motion for summary adjudication of issues, which is set for hearing in January 2008.

II

**THE ORDER TO REMAND IS AN APPEALABLE ORDER**

Plaintiffs seem to miss the point of Defendants' appeal. The central issue on appeal is whether this Court had the authority – or jurisdiction – to remand this matter. Defendants will argue on appeal that Plaintiffs waived any right they had to remand when they attempted to obtain orders of

Case No.: C 07-02894 SI
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

2

default against Patty Shimek and Mike Smith, and that therefore this Court had no authority to issue its order to remand.

The Ninth Circuit has held that it has the jurisdiction to first determine whether a district court has the authority to remand, since sections 1447(c) and (d) bar appellate review of a remand order "only if the district court had authority to remand under section 1447(c)." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 937 (9th Cir. 2006) (*citing Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 [9th Cir. 2003] [district court had no authority to remand *sua sponte* for procedural defect in removal]). "Stated differently, the question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place. Such an inquiry is well within our jurisdictional bounds-because it 'takes aim at the district court's *authority* to issue the remand order, we have jurisdiction.'" *Lively*, 456 F.3d at 938 (citing cases) (emphasis in original). Defendants' argument on appeal, of course, is that this Court did not have the authority to remand since Plaintiffs had waived any right they had to remand.

### III

### PLAINTIFFS FAIL TO ADDRESS IN ANY MEANINGFUL WAY THE ISSUES RAISED IN DEFENDANTS' MOTION FOR STAY

In a brief half-page discussion, without submitting any declarations in support, Plaintiffs claim they will suffer prejudice if this action is delayed. It is telling that Plaintiffs' only argument is that they "deserve to have this matter resolved and to obtain their judgment against Defendants," as if obtaining a judgment against Defendants is a foregone conclusion. That is Plaintiffs' entire argument regarding prejudice.

---

Case No.: C 07-02894 SI
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT

3

Significantly, Plaintiffs have failed to in any way to address the quagmire that will result if by some chance their motion for summary adjudication, scheduled for hearing in January 2008, is determined in their favor, and this Court's order to remand subsequently reversed by the Ninth Circuit Court of Appeals. Defendants should not be put in the position of risking a final determination on the merits in state court before the Ninth Circuit has had the opportunity to review the merits of Defendants' appeal and rule thereon.

## IV

## CONCLUSION

Defendants respectfully request that this Court grant their motion for a stay of the order to remand pending appeal.

Respectfully submitted,

Dated: November 30, 2007        LAW OFFICE OF XAVIER A.M. LAVOIPIERRE

By: _____/s/_____
Xavier A.M. Lavoipierre
Attorney for Defendants
SAN RAFAEL TOUCHLESS CAR WASH,
PATTY SHIMEK AND MIKE SMITH


Dated: November 30, 2007        LAW OFFICES OF WILLIAM H. PAYNTER

By: _____/s/_____
Thomas I. Saberi
Attorney for Defendants
SHIM, INC., CANADIAN-AMERICAN OIL CO.,
BERKELEY TOUCHLESS CAR WASH
ROY SHIMEK AND MIKE SHIMEK

Case No.: C 07-02894 SI
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR A STAY OF THE ORDER TO REMAND THIS ACTION TO STATE COURT