IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMIGIO E. ALARCON, et al., | No. C 07-02894 SI |
|     Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR A STAY OF THE REMAND ORDER** |
|    v. | |
| SHIM, INC., et al., | |
|     Defendants. | |

Defendants have filed a motion to stay the Court's prior order remanding this case to state court after a defective removal. The motion is currently scheduled for hearing on December 14, 2007. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendants' motion for a stay of the remand order.

**BACKGROUND**

Plaintiffs Remigio E. Alarcon, Jack Frahm, Martin Monroy, and Nilton Siguenza are current or former employees of San Rafael Touchless Car Wash and Berkeley Touchless Car Wash. On January 18, 2005, plaintiffs filed a wage and hour claim in Alameda County Superior Court. Plaintiffs' initial complaint alleged solely violations of California law and named six defendants in total, four companies (Shim Inc., Canadian-American Oil Co., San Rafael Touchless Car Wash, and Berkeley Touchless Car Wash) and two individuals (Mike and Roy Shimek). On July 17, 2006, plaintiffs filed a First Amended Complaint ("FAC") in which they added a cause of action under the federal Fair Labor Standards Act, 29 U.S.C. § 201, and added two additional defendants, Mike Smith and Patty Shimek. Plaintiffs served

the six original defendants with the FAC on July 13, 2006; those defendants answered the FAC on November 7, 2006. However, plaintiffs did not serve Mike Smith and Patty Shimek, the two new defendants, until January 16, 2007 and January 22, 2007, respectively.

Following service of the FAC on defendants Mike Smith and Patty Shimek, various actions took place in state court: defendants filed an unsuccessful motion to change venue; defendants filed an unsuccessful request for stay and petition for writ of mandate to the court of appeal; defendants moved the court for summary judgment; plaintiffs sought summary adjudication; motion hearing dates were scheduled; and a trial date was set. The first hearing on the pending motions was scheduled for June 7, 2007. However, on June 4, 2007, nearly six months after they received the FAC, Mike Smith and Patty Shimek filed a notice of removal based on the existence of a federal cause of action, pursuant to 28 U.S.C. § 1441(b).

Fourteen days later, on June 18, 2007, plaintiffs filed a request with this Court to enter default on the ground that Mike Smith and Patty Shimek failed to answer the FAC within five days after filing their notice of removal, as required by Federal Rule of Civil Procedure 81(c).[1] On that same day, defendants answered the FAC, and default was not entered. On September 13, 2007, in response to plaintiffs' timely motion, this Court issued an order remanding the case to state court. The Court held that plaintiffs did not waive their right to remand by filing a request to enter default because this ministerial act did not constitute sufficient activity to violate principles of fairness, particularly where defendants were not prejudiced by the default request. *See* September 13, 2007 Order at 4-5 (Docket No. 29). Having established that plaintiffs could properly request a remand, the Court held that defendants' notice of removal, filed over 100 days late, was procedurally defective, and thus that remand to state court was appropriate. *Id.* at 5-6. Following that order, defendants filed a notice of appeal on October 9, 2007. Now before the Court is defendants' motion to stay the Court's remand order pending defendants' appeal to the Ninth Circuit.

---

[1] At time of removal, Mike Smith and Patty Shimek had yet to file an answer in state court.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 62(c) states: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal . . . ." The standard for granting such a stay is identical to that for granting a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Courts apply the following four-factor test to determine whether an injunction should issue pending appeal: (1) whether the moving party has made a strong showing that it is likely to succeed on the merits; (2) whether the moving party has shown a likelihood of irreparable injury absent a stay; (3) whether a stay will substantially injure the other interested parties in the proceedings, i.e. the balance of hardships; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

**DISCUSSION**

Defendants move for a stay of the Court's order remanding this case to state Court, pending their appeal to the Ninth Circuit. Plaintiffs contend that no stay is necessary because defendants may not appeal a remand order, and also argue that the preliminary injunction factors favor the denial of defendants' motion to stay.

**1.    Defendants' ability to appeal this Court's remand order**

Plaintiffs are correct that the general rule is that remand orders are not appealable. The statute addressing remand after removal provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d).[2] The statute also provides that after a federal court issues an order to remand the case back to state court, "[t]he State court may thereupon proceed with such case." *Id.* § 1447(c). The cumulative effect of these two rules is clear: a party may not appeal a remand order in federal court because once the remand order issues, the case may proceed immediately in state court. This rule is also reflected in the case law. "Congress

---

[2] The only exception the statute provides is removal in certain civil rights cases, 28 U.S.C. § 1443, which is not applicable here.

3

has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). In accordance with these restrictions, the Supreme Court has held that appeal is available only when a district court bases its remand on grounds other than those specified in 28 U.S.C. § 1447(c). That is, "[a]s long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction – the grounds for remand recognized by § 1447(c) – a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Id.* at 127-28. Where, as here, a district court remands "on grounds of untimely removal," this is "precisely the type of removal defect contemplated by § 1447(c)," and no appeal of the remand order may be had. *Id.* at 128.

Inconceivably, defendants do not mention or discuss § 1447(d) in their opening memorandum, but in their reply defendants argue they are actually appealing this Court's order regarding plaintiffs' waiver of their right to remand, not the Court's order regarding the remand itself. That is, defendants argue that this Court lacked the authority to remand under § 1447(c) because the Court incorrectly concluded that plaintiffs had not waived their right to move for a remand. Defendants rely on *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006), in which the Ninth Circuit explained:

> we must determine whether the district court had the authority under § 1447(c) to remand. Stated differently, the question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place. Such an inquiry is well within our jurisdictional bounds – because it "takes aim at the district court's authority to issue the remand order, we have jurisdiction."

*Id.* at 938 (quoting *In re Ford Motor Co./Citibank*, 264 F.3d 952, 965 (9th Cir. 2001)). This exception to the no-appeal rule of remand orders arguably applies here, because it is conceivable the Ninth Circuit would find that this Court lacked authority to order a remand if this Court ruled incorrectly that plaintiffs had not waived their right to move for remand. For this reason, the Court will assume that defendants may be able to appeal the Court's order, and will proceed to defendants' argument that a stay should be granted because the injunctive relief factors weigh in their favor.

**2.    Factors considered on a motion to stay pending appeal**

4

Defendants argue that the four factors considered on a motion to stay pending appeal – likelihood of success, irreparable injury, balance of hardships, and the public interest, *Hilton*, 481 U.S. at 776 – weigh in their favor. Plaintiffs contend in response that defendants cannot show a likelihood of success because this Court's order was correctly decided and that the balance of hardships tips in plaintiffs' favor because the delay in the proceedings pending appeal will greatly prejudice them.

Defendants believe they can demonstrate a likelihood of success on appeal because the Ninth Circuit has never decided whether a party that seeks entry of default in federal court waives its right to remand, and because there is conflicting authority on this issue between the Northern District of California and the District of Oregon. Although defendants are correct on both points, the Court does not agree that they can demonstrate a likelihood of success on appeal. Most significantly, this Court has broad discretion in deciding whether to remand a case and in deciding whether plaintiffs have waived their right to remand. *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (district court's decision to remand reviewed for abuse of discretion); *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) ("district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings"). Given this discretion, it is unlikely the Ninth Circuit would disturb the Court's order on appeal, particularly because the Ninth Circuit has recognized that "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

As to the merits of the Court's waiver decision, even assuming that *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260 (D. Or. 2001), cannot be distinguished from the present case, there is no indication that the Ninth Circuit would likely rule that the ministerial act of requesting an entry of default constitutes "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988) (internal quotation marks omitted). Other appellate courts have found waiver only where the plaintiffs have undertaken much more significant activity in federal court prior to seeking remand, such as by filing an amended complaint and "successive stipulations for a continuance of the trial in" federal court, *In re Moore*, 209 U.S. 490, 496 (1908) (overruled in part on other grounds, *Ex*

*Parte Harding*, 219 U.S. 363 (1911)); *see also Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996), or by participating in discovery for nearly a year and filing an amended complaint, *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). For these reasons, the Court finds that this factor weighs in plaintiffs' favor, as defendants cannot demonstrate a likelihood of success on appeal.

Defendants also argue that they will be irreparably injured if they have to expend resources litigating in state court, and that the balance of hardships tips in their favor because plaintiffs will suffer only a slight delay in litigating this matter. The Court does not agree that the burden of litigating this case in state court – where it was litigated for over two years prior to removal – constitutes irreparable injury. As the Ninth Circuit has explained, "'[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable injury.'" *Los Angeles Coliseum Commission v. National Football League*, 634 F.2d 1197, 1202 (9th Cir.1980) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *see also United States v. Nevada*, 2007 WL 2659984 *14 (D. Nev. Aug. 31, 2007). Even if defendants would not be compensated for their state court expenses, the Supreme Court has noted, in the administrative context, that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974); *see also FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("[W]e do not doubt that the burden of defending this proceeding will be substantial. But the expense and annoyance of litigation is part of the social burden of living under government.") (internal quotation marks omitted)); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 899 (8th Cir. 2000) ("The expense of prosecuting an action through administrative proceedings does not generally constitute irreparable harm, even if unrecoverable."). For this reason, the Court finds that defendants can demonstrate no possibility of irreparable injury, and the balance of hardships therefore cannot weigh in defendants' favor.

Finally, the Court also finds that the fourth factor, that of the public interest, weighs in favor of plaintiffs. Defendants argue that the public interest disfavors state adjudication of a case over which it may lack jurisdiction. Under federal law, however, the state court clearly had jurisdiction to hear this case once this Court issued its remand order: "[t]he State court may thereupon proceed with such case."

6

28 U.S.C. § 1447(c). Moreover, the state courts are fully prepared to adjudicate plaintiffs' federal claim, as well as any federal defenses defendants may raise, *Nevada v. Hicks*, 533 U.S. 353, 366-67 (2001), and the remand statute favors this outcome by greatly limiting the circumstances in which a remand order may be appealed, 28 U.S.C. 1447(d). If it lies anywhere, the public interest likely supports the adjudication of this case without the potentially lengthy delay that would result from staying this litigation to resolve an interlocutory appeal unlikely to have any effect on the substantive outcome of the case. Accordingly, the Court finds that this factor, as with each of the other factors, weighs in favor of permitting the litigation to proceed without a stay. The remand order remains in effect, and defendants' motion is DENIED.

## CONCLUSION

For all of the foregoing reasons and for good cause shown, the Court DENIES defendants' motion for a stay of the remand order [Docket No. 35].

**IT IS SO ORDERED.**

Dated: December 5, 2007

SUSAN ILLSTON
United States District Judge